IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**Randy Dewayne Rogers, as Administrator of**            **PLAINTIFF**
**the Estate of Randy James Rogers, and on his**
**own behalf**

CASE NO. 1:24-CV-1036-SOH

**Columbia County; Columbia County**            **DEFENDANTS**
**Sheriff's Office; Michael Loe; Matthew**
**Hulet; Aaliyah Rose, Jesse Guise; Mark**
**Moseley; County Facility Healthcare of**
**Arkansas, LLC Darrell Elkins; Nurse Cassandra;**
**Magnolia Regional Medical Center; Emergency**
**Staffing Solutions; Nurse M. Brazell;**
**Dr. Phillips Pace; Dr. Dilan**
**Samarawichrama; Radiology Associates, P.A.**

## BRIEF IN SUPPORT OF MOTION TO DISMISS

As a matter of law, Plaintiff cannot bring suit against the Columbia County Sheriff's Office because a "Sheriff's Office" is a building, not a "person" amenable to suit under 42 U.S.C. § 1983 - and certainly not as a Defendant separate and apart from the County itself (which is also a Defendant in this case). Accordingly, Plaintiff's Complaint in the instant case must be dismissed as against the purported Defendant "Columbia County Sheriff's Office".

42 U.S.C. § 1983 provides for liability of "every person" who subjects another person to the deprivation of rights secured by the Constitution. Prior to 1972, the only "person" for the purposes of 42 U.S.C. § 1983 was a "natural person." In that year, however, the U.S. Supreme Court extended the meaning of "person" to include a recognized political or corporate entity. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). After *Monell*, a court must decide whether a defendant is a "person" and, therefore, an entity amenable to suit under 42 U.S.C. § 1983. That decision is made

with reference to state law. *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988); Fed. R. Civ. Pro. 17(b).

A "Sheriff's Department" is not a separate entity capable of being sued. It is certainly not an entity that can be sued separately from the County itself. *See, e.g., Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989); *Brown v. Crittenden County*, 2007 WL 4191730 (E.D. Ark. 2007)(Sheriff's Department not an entity capable of being sued); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. Appx. 436, 437 (8th Cir. 2001)(same); *Fausett & Co. v. Bogard*, 285 Ark. 124, 685 S.W.2d 153, 155 (Ark. 1985); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Therefore, Defendant Columbia County moves for the dismissal of purported Defendant "Columbia County Sheriff's Office."

Respectfully submitted,

Columbia County and purported Defendant "Columbia County Sheriff's Office,"
*Separate Defendant*

By:  Jason E. Owens
     JASON OWENS LAW FIRM, P.A.
     **Mailing Address:** P.O. Box 850
     Conway, Arkansas 72033-0850
     **Physical Address:** 1023 Main Street, Suite 204
     Conway, Arkansas 72032
     Telephone (501) 764-4334
     Telefax (501) 764-9173
     Email: owens@jowenslawfirm.com

By:    Jason E. Owens
     Jason E. Owens, #2003003

**CERTIFICATE OF SERVICE**

   I, Jason E. Owens, certify that on this 29th day of July, 2024, I filed the foregoing with the Clerk of the Court via ECF, which will provide notice to all counsel of record, including, but not limited to the following:

Norman Douglas Norwood
Jo Alison Lee
Noorwood & Noorwood, P.A.
1 East Center
Suite 320-A
Fayetteville, AR 72701
doug@norwoodattorneys.com
alison@norwoodattorneys.com

Jon Loevy
Stephen H. Weil
Megan Porter
Loevy & loevy
311 N. Aberdeen Street
Third Floor
Chicago, IL 60607
jon@loevy.com
weil@loevy.com
porter@loevy.com

                Jason E. Owens
                Jason E. Owens