# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## EL DORADO DIVISION

| | |
|---|---|
| **Randy Dewayne Rogers,** | |
| **Plaintiff,** | Case No. 1:24-cv-01036-SOH |
| v. | |
| | Chief Judge Susan O. Hickey |
| **Columbia County *et al.*,** | |
| **Defendants.** | |

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26.1, and the Court's Initial Scheduling Order (ECF 40), the following parties to this case (Randy Dewayne Rogers, as Administrator of the Estate of Randy James Rogers, and on his own behalf; Columbia County; Magnolia Regional Medical Center; Emergency Staffing Solutions; and Radiology Associates, P.A.), through their undersigned counsel, respectfully submit this Joint Rule 26(f) Report.

Counsel for the foregoing parties held a telephone conference on September 6, 2024. The conference lasted approximately 36 minutes. During the course of the conference the parties discussed matters set out in Rule 26(f) and Local Rule 26.1, and they respectfully submit the following:

**(1) Any changes in timing, form, or requirements of mandatory disclosures under Fed.R.Civ.P. 26(a).** *None.*

**(2) Date when mandatory disclosures were or will be made.** *October 1, 2024.*

**(3) Subjects on which discovery may be needed.** *Mr. Rogers's medical history and condition during his detention at the Columbia County jail between May 20 and July 8, 2022; the medical care (including medications) provided to Mr. Rogers during his period of detention; the circumstances surrounding Mr. Rogers's emergent medical needs on July 8, 2022, and the response by defendants and their agents/employees to those needs; the policies and practices of the defendants relating to Mr. Rogers's medical needs during his detention at the Columbia County jail; and the damages suffered as a result of Mr. Rogers's medical condition and death. All issues of liability and damages will require discovery, along with facts and circumstances surrounding the allegations described in the plaintiff's complaint allegedly caused by defendants' negligence; injuries and damages claimed by plaintiff; the decedent's background, medical history, courses of treatment, and prognoses; facts and circumstances surrounding defendants' defenses; and any other issued raised in the pleadings for this matter. If additional information comes to light during the discovery process, it may be that additional discovery may be required to investigate such information.*

**(4)** **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.** *The parties anticipate that production of electronically stored information will be requested, and the parties have agreed to meet and confer separately to develop a mutually agreed protocol governing the identification, gathering, and production of ESI. The defendants affirm that the normal method of production of electronically-stored information shall be by production of a printout or a pdf-format electronic version. However, if embedded data are requested, production shall be by producing the file in its native state where practical or in a mutually-agreeable alternative format if it is not practical to produce the information in native format. Plaintiff takes the position that, given that the parties have agreed to meet and confer to develop an ESI protocol, specifying the specific means of producing ESI is premature in this Rule 26(f) report. Instead, Plaintiff submits that matters such as the format of production should be given consideration and agreed to as part of a negotiated ESI protocol.*

**If so:**

**(a)** **whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;** *The parties anticipate that production will primarily come from data reasonably available to the parties in the ordinary course of business, but are unable to assess whether such production will come exclusively from such sources.*

**(b)** **the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;** *The parties are unable to assess this factor at this time. However, should additional discovery beyond that which is reasonably available to the parties be sought, the parties agree to confer regarding the costs of copying and production at the time the requests for such information are made. The parties agree that whether data is considered reasonably available will turn on whether the discovery of said data is "proportional to the needs of the case" as that term is used in Federal Rule of Civil Procedure 26(b)(1).*

**(c)** **the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;** *The parties anticipate entering into a written protocol for the gathering and production of electronically stored information.*

**(d)** **whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;** *The parties have represented to one another that reasonable measures are in place to prevent alteration or destruction*

        *of evidence, including electronic data kept in the ordinary course of business.*

**(e)**     **other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.** *Plaintiff anticipates requesting and gathering information stored on cellphones and similar devices. Plaintiff also anticipates gathering medical records relating to the care provided to other detainees in addition to Mr. Rogers, and communications and documents relating to such care. Such discovery may complicate electronic discovery in this case, and will at a minimum require the entry of a HIPAA-qualified protective order permitting the production of such information. Defendants who are healthcare providers note that they are obligated under HIPAA not to disclose PHI related to patients other than the decedent and object to the production of medical records of other individuals. Plaintiff notes that 45 C.F.R. § 164.512(e) specifically permits the disclosure of third-party PHI if HIPAA-qualified protective order is in place. Defendants assert that as to electronic information to be produced in this matter, if the data can be printed, the parties will make the data available in hard copy format. If the data cannot be printed, the parties will provide the data in a format mutually agreed to by the parties. Plaintiff takes the position that details regarding the format of production for ESI should be discussed and agreed to by the parties as part of a negotiated ESI protocol. As Plaintiff has noted, the parties have agreed to meet and confer to develop such a protocol. As such, Plaintiff submits that specifying the means of production in a Rule 26(f) report is premature.*

**(5)**     **Date by which discovery should be completed.** *See paragraph 11 below.*

**(6)**     **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.** *Given the number of defendants in this case and the nature of Plaintiff's Monell allegations, Plaintiff anticipates requiring depositions in excess of the ten-deposition limit imposed by Rule 30(a)(2)(A)(i). Otherwise the parties do not anticipate changes in the limitations imposed by the Federal Rules of Civil Procedure.*

**(7)**     **Any orders, e.g. protective orders, which should be entered.** *The parties anticipate requiring entry of a general protective order governing confidential information, as well as a HIPAA-qualified protective order covering the protected health information of Mr. Rogers and third-party detainees, pursuant to 45 C.F.R. § 164.512(e). Defendants who are healthcare providers note that they are obligated under HIPAA not to disclose PHI related to patients other than the decedent and object to the production of medical records of other individuals. Plaintiff notes that 45 C.F.R. § 164.512(e) specifically permits the disclosure of third-party PHI if HIPAA-qualified protective order is in place.*

**(8)  Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**  *None.*

**(9)  Any objections to the proposed trial date.**  *Yes. The parties anticipate a trial date of approximately ten trial days.  Pursuant to the Court's Initial Scheduling Order (ECF 40), the proposed trial date is August 4, 2025.  Counsel for several of the defendants have pre-set trial dates that conflict with this trial date.  Counsel for Radiology Associates, P.A., has a trial set in Pulaski County Circuit Court for August 5 through 28, 2025.  Counsel for Magnolia Regional Medical Center has a three-week jury trial in Pulaski County Circuit Court ending on August 1, 2025, three four to five-day jury trials scheduled in September of 2025, two week-long jury trials scheduled in October of 2025, and one week-long trial in November of 2025. Defense counsel proposes a jury trial setting in early to mid-2026.  In addition, Plaintiff is attempting to effectuate service of various individual defendants by working with counsel for institutional defendants for whom Plaintiff believes the individual defendants are or were employed.  Plaintiff has not yet been able to complete service of the defendants by this means, however, and anticipates requesting a 30-day extension to complete service pursuant to Rule 4(m).  Plaintiff respectfully submits that the discovery period and trial date should be extended by a corresponding period in order to provide adequate discovery periods for all the defendants.*

**(10)  Proposed deadline for joining other parties and amending the pleadings.**  *November 15, 2024.*

**(11)  Proposed deadline for completing discovery.**  *As set forth in Paragraph 5, the Court's proposed deadline to complete all discovery is April 7, 2025.  For the reasons set forth in paragraph 9, supra, the Parties request that a new trial date be set and that the discovery period be adjusted to accommodate the trial schedules of all counsel involved and to permit adequate discovery of all defendants after effecting service.  However, the Parties submit that discovery should be completed 120 days before the ultimately scheduled trial date.*

**(12)  Proposed deadline for filing motions other than motions for class certification.**  *Pursuant to computations provided in the Court's Initial Scheduling Order (ECF 40), the proposed deadline for dispositive motions is May 6, 2025.  For the reasons set forth in paragraph 9, supra, the Parties request that a new trial date be set and that the motions deadline be adjusted to correspond with a new trial setting.  However, the Parties submit that the motions deadline should be 90 days before the ultimately scheduled trial date.*

**(13)  Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.**  *Class certification will not be sought in this case.*

4

| | | | |
|---|---|---|---|
| Dated: September 18, 2024 | | Respectfully submitted, | |
| /s/<br>Mariam T. Hopkins – AR Bar #88109<br>Julie M. Hancock – AR Bar #2000069<br>Anderson, Murphy & Hopkins, L.L.P.<br>101 River Bluff Drive, Suite A<br>Little Rock, Arkansas 72202<br>501-372-1887<br>Hopkins@amhfirm.com<br>Hancock@amhfirm.com<br><br>*Attorneys for Defendant Radiology Associates, P.A.* | | /s/<br>Stephen H. Weil<br><br>Jon Loevy *pro hac vice*<br>Stephen H. Weil *pro hac vice*<br>Megan Porter *pro hac vice*<br>Loevy & Loevy<br>311 N. Aberdeen Street<br>Third Floor<br>Chicago, IL 60607<br>312-243-5900<br>weil@loevy.com<br><br>*Attorneys for Plaintiff* | |
| /s/<br>Carson Tucker (2006090)<br>Dustin K. Doty (2013144)<br>Wright, Lindsey & Jennings LLP<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, Arkansas 72201-3699<br>(501) 371-0808<br>FAX: (501) 376-9442<br>ctucker@wlj.com<br>ddoty@wlj.com<br>*Attorneys for Defendant Magnolia Regional Medical Center* | | /s/<br>Doug Noorwood – AR Bar #97087<br>Alison Lee – AR Bar # 2006087<br>Noorwood & Noorwood, P.A.<br>1 East Center<br>Suite 320-A<br>Fayetteville, AR 72701<br>479-235-4600<br>alison@norwoodattorneys.com<br><br>*Attorneys for Plaintiff* | |
| /s/<br>Lane O. Krieger (2016034)<br>Emily N. Richard (*pro hac*)<br>Wiggins Sewell & Ogletree<br>3100 Oklahoma Tower<br>210 Park Avenue<br>Oklahoma City, OK 73102<br>405-232-1211<br>405-235-7025 (fax)<br>lkrieger@wsolaw.net<br>erichard@wsolaw.net<br><br>*Attorneys for Defendant Emergency Staffing Solutions (ESS)* | | /s/<br>Jason E. Owens (2003003)<br>Daniel K. Faulkner (2002168)<br>Jason Owens Law Firm, P.A.<br>P.O. Box 850<br>Conway, AR 72033-0850<br>501-764-4334<br>501-764-9173 (telefax)<br>owens@jowenslawfirm.com<br>faulkner@jowenslawfirm.com<br><br>*Attorneys for Columbia County* | |

5