IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| RANDY DEWAYNE ROGERS, | ) | Case No. 1:24-cv-1036-SOH |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA COUNTY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER

Plaintiff Randy Dewayne Rogers, by and through his undersigned counsel, LOEVY & LOEVY, and pursuant to Federal Rule of Civil Procedure 6(b), moves to amend the Court's scheduling orders and extend the below-mentioned deadlines by 60 days, stating as follows:

1. On October 23, 2024, the Court issued a Final Scheduling Order setting the following deadlines (ECF 61):

• Discovery must be completed no later than **November 2, 2025**.

• Motions to amend pleadings or to join other parties must be filed no later than **60 days** before the close of discovery.

• All dispositive motions must be filed no later than **30 days** after the close of Discovery.

• All parties must make initial expert witness disclosures no later than **90 days** before the close of discovery.

• Rebuttal expert witness disclosures must be made no later than **45 days** before the close of discovery.

• Jury Trial was initially scheduled for **March 2, 2026**.

2. On June 27, 2025, Plaintiff filed his unopposed motion for a new trial date, which the Court granted on July 3, 2025, continuing trial to **April 6, 2026**.

3. Additionally, the Parties filed a joint motion to extend deadlines for expert disclosures on July 24, 2025, requesting the following extended deadlines:

• Initial expert disclosures: extended from August 5, 2025, to **September 4, 2025**.

• Rebuttal expert disclosures: extended from September 19, 2025, to **October 20, 2025**.

• Deadline to complete expert depositions: extended from November 2, 2025, to **December 2, 2025**.

4. Additionally, Plaintiff filed an unopposed motion to amend scheduling order on August 27, 2025, which was granted, extending the following deadlines:

• Discovery must be completed no later than **January 1, 2026**.

• All dispositive motions must be filed no later than **February 1, 2026**.

• Initial expert disclosures: extended from September 4, 2025 to **November 4, 2025**.

• Rebuttal expert disclosures: extended from October 20, 2025 to **November 18, 2025.**

• Jury trial **to be determined by the Court**.

5. The Parties have worked consistently and efficiently together and made progress on discovery but have come across difficulties when scheduling depositions dates.

6. Today, in accordance with the initial expert disclosure deadline, Plaintiff's disclosed an expert opining on jail policies and procedures and disclosed his report. Plaintiff previously disclosed a cardiologist expert on September 4, 2025.

7. Plaintiff wishes to disclose a pathologist expert. Plaintiff has been unable to obtain an expert report from his pathologist due to autopsy photographs of the decedent not being disclosed until October 28, 2025, despite multiple parties' subpoenas to obtain photographs earlier.

8. On July 12, 2025, Plaintiff requested files concerning the autopsy of Randy Rogers, including autopsy photographs from the Arkansas State Crime Laboratory with a HIPAA release

2

authorizing disclosure of the records to my office. The Arkansas State Crime Laboratory produced the autopsy report but did not produce autopsy photographs.[1]

9. On January 17, 2025, now-dismissed Defendants Radiology Associates, P.A. ("RAPA") and Dilan Samarawickrama, M.D. issued a subpoena to the Arkansas State Crime Laboratory for records of Randy Rogers' autopsy, including autopsy photographs. As responsive documents were not produced, Defendants Radiology Associates, P.A. and Dilan Samarawickrama, M.D., filed a motion to compel production.

10. On April 8, 2025, RAPA and Dr. Samarawickrama issued another subpoena upon the Arkansas State Crime Laboratory for the autopsy records, including autopsy photographs. Autopsy photographs were not produced.

11. On September 22, 2025, Plaintiff issued a subpoena upon the Arkansas State Crime Laboratory for records of Randy Rogers' autopsy, including autopsy photographs. The return date of the subpoena was October 13, 2025.

12. On October 2, 2025, the Arkansas State Crime Laboratory notified Plaintiff that the 13th Judicial District Prosecuting Attorney's office would need to authorize release of the case file, and the laboratory had made the request for release but was awaiting a response.

13. On October 9 and 22, Plaintiff's counsel requested a status update on when a determination from the Prosecuting Attorney's office would be made.

14. On October 27, 2025, the Prosecutor approved release of the case file, and Plaintiff's counsel was notified it would be released pending payment of a $200 fee. On October 28, 2025, Plaintiff's counsel paid the $200 fee and the case file was released.

---

[1] The Arkansas State Crime Laboratory produced tiny photographs of approximately .5"x.5". Full-size color photographs were not produced until October 28, 2025. Images on the tiny photographs were indecipherable and unusable.

8. It was not until October 28, 2025, that Plaintiff received autopsy photographs. Plaintiff's retained pathologist expert did not have sufficient time to prepare a report less than five business days from receipt of the photographs. Review of autopsy photographs is critical to Plaintiff's expert pathologist's opinions. Even if Plaintiff disclosed an expert report on the basis of the written autopsy alone, Plaintiff would need to supplement his expert pathology report to account for the pathologist's review of autopsy photographs. And Plaintiff's expert pathologist did not have sufficient time to review the autopsy photographs and determine how the photos impacted his opinions stemming from the written autopsy.

9. Plaintiff therefore requests an extension of the initial expert deadline to **December 8, 2025**, as the extension is needed to allow the pathologist expert sufficient time to review the photographs and complete his report.

10. Plaintiff also requests the extension of the initial expert deadline to allow supplementation of previously disclosed expert reports. Supplementation is necessary due to critical deposition testimony being only recently obtained in late October, depositions of three Defendants (including a 30(b)(6) witness) scheduled to occur in November, and additional written discovery to be obtained in November.

11. Plaintiff worked diligently to obtain this deposition testimony and written discovery prior to the initial expert disclosure deadline of November 4, 2025, but was unable to obtain it due to defense counsel's scheduling conflicts.

12. Plaintiff increased staffing in anticipation of oral discovery and provided wide availability in September for depositions of Defendants. Depositions of three Individual County Defendants (Matt Hulet, Mike Loe, and Jesse Guise) were scheduled for September, but the depositions of Defendants Loe and Guise had to be rescheduled due to all parties not being available. Therefore, Plaintiff took the deposition of only one defendant in September.

13. Plaintiff provided wide availability in October for depositions of Defendants. Plaintiff took depositions of two defendants, including a 30(b)(6) deposition, in October. The deposition of a fact and 30(b)(6) witness, however, did not occur until last Friday, October 31. The testimony of this Defendant therefore was unavailable to Plaintiff's experts.

14. At the time Plaintiff attempted to schedule depositions of remaining Defendants in October, counsel for all Defendants were not available. Therefore, depositions of Defendants Loe and Guise, previously scheduled for September, were rescheduled for November. The parties were also able to schedule the deposition of Defendant Mark Mosely in November. Defendant Loe is both a fact witness and 30(b)(6) witness for Defendant Columbia County.

12. Defendants RAPA and Dr. Samarawickrama requested to take the deposition of Plaintiff's expert cardiologist on October 13, and this deposition occurred on October 13.

13. Defendants RAPA and Dr. Samarawickrama requested availability of counsel in October for the depositions of nine third-party witnesses. Counsel for all Defendants were then available on October 15, 27, 28, and 29 to take the depositions of the nine third-party witnesses.

14. As of today, the parties have conducted a total of 15 depositions. Plaintiff has made initial disclosures of two experts. Discovery requests and responses have been exchanged.

15. Aside from the three Defendant depositions (including the 30(b)(6) witness) in November, no other fact witness depositions are scheduled.

16. As for depositions of Defendants' experts, two are scheduled in November, three are scheduled in December, and Plaintiff is awaiting the availability of one of defense expert.

15. Plaintiff is awaiting disclosure of individual County Defendants' training records, which are also critical documents for Plaintiff's experts to review. On October 6, County Defendants indicated training records were located in personnel files and objected to disclosure of training records absent a protective order. On October 7, Plaintiff requested the County send a draft protective

5

order. Plaintiff sent a draft protective order on October 29. The County promptly agreed to the protective order. On November 4, Plaintiff requested agreement from remaining Defendants on the agreed upon protective order but has not yet received a response from counsel for Defendants Dr. Philip Pace, Emergency Staffing Solutions, and Magnolia Regional Medical Center. Additionally, as the Court is aware, at the beginning of discovery, Plaintiff proposed a protective order that would have covered the items the County objects to producing absent a protective order. The parties were unable to reach an agreement on a protective order for records. Plaintiff filed a motion for entry of the proposed protective order, but the parties ultimately agreed on a narrowed proposed order to progress discovery. At the time, the County did not raise any anticipated issues with the protective order.

16. Several outstanding discovery items are critical for Plaintiff's policies and practices expert to review. Plaintiff's policies and practices expert should be permitted to review and opine on Columbia County's training, as Plaintiff brings a 42 U.S.C. § 1983 *Monell* claim against Columbia County for unconstitutional policies and practices, including a claim for lack of training. Plaintiff's policies and practices expert should also be permitted to review and opine on the testimony of 30(b)(6) witnesses for Columbia County and County Facility Healthcare of Arkansas ("CFHA"). Despite earlier attempts, these 30(b)(6) witnesses were not scheduled until October 31 (CFHA) and November 12 (County).

17. Given Plaintiff's diligence in obtaining autopsy photographs, training records, and scheduling earlier depositions, as well as Plaintiff's efforts thus far to conduct discovery in a timely fashion, Plaintiff requests a brief extension of the initial expert disclosure deadline from November 4, 2025 to December 8, 2025, and a corresponding extension of the deadline to disclose rebuttal reports.

18.     Yesterday, Plaintiff asked counsel for Defendants if they oppose extending the initial expert disclosure deadline to December 8, 2025. Today, counsel for Defendants Emergency Staffing Solutions; Philip Pace, M.D.; and Magnolia Regional Medical Center indicated they oppose given that depositions of Defendants' experts are set.

19.     In response, Plaintiff offered to reschedule the November 11 and 20 expert depositions to a date after December 8. Counsel for Defendants Emergency Staffing Solutions, Dr. Pace, and Magnolia Regional Medical Center still oppose Plaintiff's request.

20.     The County Defendants, CFHA, and Darrell Elkin have not provided a response as to their position.

21.     Plaintiff is not seeking an extension of the **January 1, 2026,** deadline to complete discovery, and therefore does not anticipate that this extension would delay proceedings or trial.

Plaintiff respectfully requests the following amendment to the Court's scheduling order, as follows:

- All dispositive motions must be filed no later than **February 1, 2026**.
- Initial expert disclosures: extended from November 4, 2025 to **December 8, 2026**.
- Rebuttal expert disclosures: extended from November 18, 2025 to **December 22, 2026.**
- Jury trial **to be determined by the Court**.

WHEREFORE, having shown good cause, Plaintiff respectfully requests the above amendments to the Court's scheduling orders.

Dated: November 4, 2025                                  Respectfully submitted,

/s/ *Maria Makar*
Maria Makar

Jon Loevy pro hac vice
Maria Makar pro hac vice

7

Regina Powers pro hac vice
Loevy & Loevy
311 N. Aberdeen Street Third Floor
Chicago, IL 60607
312-243-5900
Makar@loevy.com

*Attorneys for Plaintiff*

Doug Noorwood – AR Bar #97087
Alison Lee – AR Bar # 2006087
Noorwood & Noorwood, P.A.
1 East Center Suite 320-A
Fayetteville, AR 72701
479-235-4600
alison@norwoodattorneys.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I, an attorney, certify that on November 4, 2025, I caused a copy of Plaintiff's Opposed Motion to Amend Scheduling Order Pursuant to Fed. R. Civ. P. 30(b)(6) to Defendant CFHA to be served on counsel for all Defendants via e-mail.

                                                  /s/ Maria Makar
                                                  *Attorney for Plaintiff*